**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDER FABRICIO GONZALEZ-MONTES,

Petitioner,

v. Case No. 3:26-cv-2378-WWB-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action, on or about September 11, 2026, by filing a Petition for Writ of Habeas Corpus challenging his mandatory detention under 8 U.S.C. § 1225, and seeking, among other relief, an individualized bond hearing. (Doc. 1).

Federal Respondents filed a Response (Doc. 5), with exhibits (Doc. Nos. 5-1 to 5-2). They acknowledge that pursuant to *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is detained under 8 U.S.C. § 1226(a). (Doc. 5 at 1). But because Petitioner has not requested a bond hearing with the immigration court, he has failed to exhaust his administrative remedies and thus this case should be dismissed. (*Id.* at 6). Although the Court provided Petitioner with an opportunity to reply, he declined to do so.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the

discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

Here, over four months before Petitioner filed this case, the Eleventh Circuit decided in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), that detention for aliens in Petitioner's position is governed by § 1226(a). Despite this, Petitioner has not requested a bond hearing with the immigration court. Thus, Petitioner has not yet exhausted his administrative remedies, and he does not demonstrate that requesting a hearing before the immigration court would be futile or otherwise unavailable. Indeed, Federal Respondents admit he is entitled to one. As such, it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Portillo v. Gualtieri*, No. 8:26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (concluding that the petitioner failed to exhaust administrative remedies because she did not seek a bond redetermination before an immigration judge); *Vasquez Martinez v. Warden*, No. 3:26-cv-1841, 2026 WL 2388997, at *2 (M.D. Fla. Aug. 17, 2026) (same).

This case is also distinguishable from cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. *See, e.g.*, *Jaimes-Martinez v. Warden, Baker Cnty. Det.*, No. 3:26-cv-138-WWB-LLL, Doc. 23 (M.D.

Fla. Sept. 15, 2026). In that case, BIA precedent—binding on immigration judges—foreclosed the possibility of any relief for that petitioner. *Id.* at 2 n.2. Those are not the facts before the Court here. As a result, the Petition is dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.
3. The **Clerk** shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 29, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Eder Fabricio Gonzalez-Montes, A220773395
Counsel of record